## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| IN RE:  Robert D. Curtis and | ) | |
|       Kimberly J. Curtis, | ) | |
| | ) | |
|      Debtors. | ) | |
| | ) | |
| | ) | Case No.  13-31226-DOT |
| Partners Financial Federal Credit Union | ) | |
| f/k/a Chesapeake & Ohio Federal Credit Union | ) | Chapter 13 |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Robert D. Curtis, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Kimberly J. Curtis | ) | |
| | ) | |
|      Defendants. | ) | |

### OBJECTION TO CHAPTER 13 PLAN AND NOTICE OF OBJECTION

TO THE HONORABLE JUDGES OF THE AFORESAID COURT:

Comes now Partners Financial Federal Credit Union f/k/a Chesapeake & Ohio Federal Credit Union, a creditor in the above matter, by counsel, and in support of its objection to the Chapter 13 plan of Debtors, Robert D. Curtis and Kimberly J. Curtis, respectfully states as follows:

    1.      Partners Financial Federal Credit Union f/k/a Chesapeake & Ohio Federal Credit

Edward S. Whitlock, III, Esquire, VSB #27811
Lafayette, Ayers & Whitlock, PLC
10160 Staples Mill Road, Suite 105
Glen Allen, Virginia  23060
Telephone: (804) 545-6250
Facsimile: (804) 545-6259
Counsel for Creditor

Union (herein "Creditor"), is a credit union organized and existing under the laws of the Commonwealth of Virginia.

2.      Robert D. Curtis and Kimberly J. Curtis (herein "Debtors") are married individuals believed to be residing in the Commonwealth of Virginia, at 4621 Treely Road, Chester, VA 23831.

3.      Debtors filed a joint Chapter 13 bankruptcy case number 13-31226-DOT on March 7, 2013.

4.      The Debtors are the owners of the real property located at 4621 Treely Road, Chester, Virginia, 23831, in Chesterfield County, Virginia (the "Real Estate").

5.      Creditor is the payee and holder of a certain Note and Disclosure Statement ("Note") dated November 8, 2002, which Note is secured by a Deed of Trust of even date therewith and duly recorded on November 15, 2002, in the Clerk's Office, Circuit Court, Chesterfield County, Virginia, in Deed Book 4775, page 398. Which deed of trust is a second priority lien on above described Real Estate.

6.      On or about May 1, 2013, Debtors filed their modified Chapter 13 plan, in which Debtor proposed to avoid Creditor's lien pursuant to 11 U.S.C. § 522(f) and allege that the value of the Real Estate is $155,000.00 based on an appraisal completed on 1/23/13.

7.      On or about March 8, 2013, Creditor filed Proof of Claim #1 asserting a secured claim in the amount of $90,174.41, which claim is secured by the Real Estate. A copy of the proof of claim is attached hereto as Exhibit "1".

8.      The County of Chesterfield 2013 tax assessment shows the Real Estate to consist of 2.14 acres on which there is the main residence with 3 bedrooms and 2 bathrooms, a guest house with 2 bedrooms and a bathroom, a one car garage and a pool, for which the assessed value is

$300,300.00, a copy of which is attached hereto as Exhibit "2".

9.      Creditor will be irreparably harmed if Debtor's Chapter 13 plan is confirmed.

WHEREFORE, Creditor, Partners Financial Federal Credit Union f/k/a Chesapeake & Ohio

Federal Credit Union, respectfully objects to Debtor's Chapter 13 Plan.

<div style="margin-left: 40%;">

PARTNERS FINANCIAL FEDERAL CREDIT UNION
F/K/A CHESAPEAKE & OHIO FEDERAL CREDIT
UNION

By:      /s/ Edward S. Whitlock, III, Esq.
          Edward S. Whitlock, III, Esq., VSB # 27811

</div>

## NOTICE

Dominion Credit Union has filed papers with the court to object to your modified Chapter 13

Plan filed on May 1, 2013.

Your rights may be affected.  You should read these papers carefully and discuss them with

your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may

wish to consult one.)

If you do not wish the Court to grant the relief sought in the objection, or if you want the

Court to consider your views on the objection, then on or before **June 5, 2013**, you or your attorney

must file with the court, at the address below, a written request for a hearing [or a written

response pursuant to Local Bankruptcy Rule 9013-1(H)]. If you mail your request for hearing (or

response) to the court for filing, you must mail it early enough so the court will **receive** it on or

before the date stated above.

Clerk of Court,
United States Bankruptcy Court
Eastern District of Virginia
701 E. Broad Street, Room 4000
Richmond, VA 23219

With a copy to:    Edward S. Whitlock, III, Esq.
Lafayette, Ayers & Whitlock, PLC.
10160 Staples Mill Road, Suite 105
Glen Allen, VA 23060

Attend the hearing on the motion (or objection) scheduled to be held on **June 12, 2013 at**

**11:10 a.m.** at United States Bankruptcy Court, Eastern District of Virginia, 701 E. Broad Street,

Room 5100, Richmond, VA 23219.

If you or your attorney do not take these steps, the court may decide that you do not

oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date:  May 13, 2013           PARTNERS FINANCIAL FEDERAL CREDIT UNION
F/K/A CHESAPEAKE & OHIO FEDERAL CREDIT
UNION

By:    /s/ Edward S. Whitlock, III, Esq.
Edward S. Whitlock, III, Esq., VSB # 27811
Lafayette, Ayers & Whitlock, PLC
10160 Staples Mill Road, Suite 105
Glen Allen, Virginia  23060
Telephone:  (804) 545-6250
Facsimile:  (804) 545-6259
Counsel for Creditor

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of May, 2013, a true copy of the foregoing Objection to Chapter 13 Plan and Notice of Objection was served upon all necessary parties either by mail or electronically as follows to: Nupa Agarwal, Esq., Attorney for Debtor, at P.O. Box 17275, Richmond, VA 23226;  Robert D. Curtis and Kimberly J. Curtis, Debtors, at their last known address of 4621 Treely Road, Chester, VA 23831 and Robert E. Hyman, Trustee at P.O. Box 1718, Richmond, VA 23218-1718.

<u>/s/ Edward S. Whitlock, III, Esq.</u>
Counsel

B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT       Eastern District of Virginia | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor: <br> Robert D. Curtis and Kimberly J. Curtis | Case Number: <br> 13-31226-DOT | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Partners Financial Federal Credit Union

**COURT USE ONLY**

Name and address where notices should be sent:
Edward S. Whitlock, III, Esq./Lafayette, Ayers & Whitlock, PLC
10160 Staples Mill Road, Suite 105
Glen Allen, VA 23060

Telephone number: (804) 545-6250   email: ewhitlock@lawplc.com

❏ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
  (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:     email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:     $            90,174.41

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:   Deed of Trust Note
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: <br> 0   1   1   8 | 3a. Debtor may have scheduled account as: <br><br> (See instruction #3a) | 3b. Uniform Claim Identifier (optional): <br><br> (See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑ Real Estate ❏ Motor Vehicle ❏ Other
Describe: 4621 Treely Road, Chesterfield Tax Map #789638414400000

Value of Property: $   300,300.00

Annual Interest Rate 6.700% ☑ Fixed or ❏ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$   20,649.44

Basis for perfection:  Bk 4775, page 398

Amount of Secured Claim:   $   90,174.41

Amount Unsecured:   $        0.00

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjust[...]

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #[...]

**EXHIBIT**
**1**

B 10 (Official Form 10) (12/12)                                                                                                                                  2

| |
|---|
| **7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)* |
| DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. |
| If the documents are not available, please explain: |

| |
|---|
| **8. Signature:** (See instruction #8) |
| Check the appropriate box. |
| ☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.) |
| I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief. |
| Print Name:  Edward S. Whitlock, III, Esq. |
| Title:  Attorney for Partners Financial Federal Credit Union |
| Company:  Lafayette, Ayers & Whitlock, PLC.     /s/ Edward S. Whitlock, III, Esq.          03/08/2013 |
| Address and telephone number (if different from notice address above):     (Signature)                              (Date) |
| Telephone number:                email: ewhitlock@lawplc.com and smilburn@lawplc.com |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10A (Attachment A) (12/11)

# Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).

| | | | |
|---|---|---|---|
| Name of debtor: | Robert D. Curtis and Kimberly J. Curtis | Case number: | 13-31226-DOT |
| Name of creditor: | Partners Financial Federal Credit Union | Last four digits of any number you use to identify the debtor's account: | 0   1   1   8 |

## Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. Principal due                                                                                            (1)    $ ___69,701.11

2. Interest due

| Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount |
|---|---|---|---|
| 6.70 % | 09/30/2012 | 03/07/2013 | $ 2,461.75 |
| _____ % | _____ | _____ | $ _____ |
| _____ % | _____ | _____ | + $ _____ |
| Total interest due as of the petition date | | | $ 2,461.75   Copy total here ▶ (2) + $ _____2,461.75 |

3. Total principal and interest due                                                                  (3)    $ ___72,162.86

## Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates Incurred | | Amount |
|---|---|---|---|
| 1. Late charges | 9/30/12 | (1) | $  30.35 |
| 2. Non-sufficient funds (NSF) fees | | (2) | $ _____ |
| 3. Attorney's fees | | (3) | $  17,727.20 |
| 4. Filing fees and court costs | 12/13/2012 | (4) | $  254.00 |
| 5. Advertisement costs | | (5) | $ _____ |
| 6. Sheriff/auctioneer fees | | (6) | $ _____ |
| 7. Title costs | | (7) | $ _____ |
| 8. Recording fees | | (8) | $ _____ |
| 9. Appraisal/broker's price opinion fees | | (9) | $ _____ |
| 10. Property inspection fees | | (10) | $ _____ |
| 11. Tax advances (non-escrow) | | (11) | $ _____ |
| 12. Insurance advances (non-escrow) | | (12) | $ _____ |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | | (13) | $ _____ |
| 14. Property preservation expenses. Specify:_____ | | (14) | $ _____ |
| 15. Other. Specify:_____ | | (15) | $ _____ |
| 16. Other. Specify:_____ | | (16) | $ _____ |
| 17. Other. Specify:_____ | | (17) + | $ _____ |
| 18. Total prepetition fees, expenses, and charges. Add all of the amounts listed above. | | (18) | $  18,011.55 |

B 10A (Attachment A) (12/11)                                                                                      Page 2

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

Does the installment payment amount include an escrow deposit?

■ No

☐ Yes    Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with
         applicable nonbankruptcy law.

1. Installment payments     Date last payment received by creditor    <u>11/01/2012</u>
   due                                                                  mm/dd/yyyy

                            Number of installment payments due    (1)      <u>6</u>

2. Amount of installment    <u>6</u> installments @           $    <u>606.94</u>
   payments due
                            _____ installments @           $ _____

                            _____ installments @         + $ _____

                            Total installment payments due as of        $    <u>3,641.64</u>    Copy total here ►  (2) $    <u>3,641.64</u>
                            the petition date

3. Calculation of cure      Add total prepetition fees, expenses, and charges.              Copy total from
   amount                                                                                   Part 2 here ►     + $    <u>18,011.55</u>

                            Subtract total of unapplied funds (funds received but not credited              - $    <u>-1,003.75</u>
                            to account).

                            Subtract amounts for which debtor is entitled to a refund.                     - $ _____

                            Total amount necessary to cure default as of the petition date.      (3) $    <u>20,649.44</u>

                                                                                            Copy total onto Item 4 of Proof of
                                                                                            Claim form

Lafayette, Connell R. Whitt & Page 10 of 24
10160 Staples Mill Road, Ste 105
Glen Allen, VA  23060
Telephone (804) 545-6250
Facsimile (804) 545-6259

# *Projected Interest Statement*

As of: 03/07/2013
Account: ████████4.001

Kimberly J. Curtis
6621 Treely Rd.
Chester, VA 23831-6846
Ref No: ███18

Court File: CL12-3418

| | |
|---|---|
| Principal | 69701.11 |
| Interest | 849.65 |
| Fees | 17727.20 |
| Costs | 254.00 |
| Other | 30.35 |
| Overpayment | 0.00 |
| **Current Bal** | **88562.31** |
| New Interest | 1612.10 |
| **Projected Bal** | **90174.41** |

Posted Interest
    Interest Posted as of: 11/01/2012          849.65

Projected Interest thru: 03/07/2013
    Pre-Judgment Interest:     6.7000% (0.0184% per day)
        $12.7945 Per Day For 126 Days      1612.10
    Post-Judgment Interest:     6.7000% (0.0000% per day)
        $0.0000 Per Day For 0 Days      0.00
    Total New Interest          1612.10

Total Interest Owing as of: 03/07/2013          2461.75



CHESAPEAKE & OHIO
FEDERAL CREDIT UNION
8721 Staples Mill Road
Richmond, Virginia 23228

## Note and Disclosure Statement

| BORROWER NAME (Last - First - Middle Initial) AND ADDRESS (Street - City - State - Zip Code) | DATE | MEMBER NUMBER | NOTE NUMBER |
|---|---|---|---|
| Robert Dale Curtis<br>Kimberly J. Curtis<br>4621 Treely Road<br>Chester, VA 23831 | November 8, 2002 | | |
| | CONTRACT NUMBER | REFERENCE NUMBER | MATURITY DATE |
| | | | Nobember 15, 2017 |

In this agreement "you", "your", or "I" mean each person who signs this agreement. The credit union whose name appears above and anyone who takes this Note by transfer and is entitled to receive payments under this Note will be called the "Note Holder." The terms on the reverse side are part of this agreement.

### TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all payments as scheduled. | Prepayment: If you pay off early you will not have to pay a penalty.<br>e means an estimate |
|---|---|---|---|---|
| 7.950 % | $67,430.66 | $94,260.66 | $161,690.66 | |

| | Number of Payments | Amount of Payments | When Payments Are Due | | Property Insurance: You may obtain property insurance from anyone you want that is acceptable to the credit union. If you get the insurance from the credit union you will pay |
|---|---|---|---|---|---|
| Your Payment Schedule will be: | 179<br>1 | $898.29<br>$896.75 | First payment due on December 15, 2002, and monthly thereafter | $ | |

| Security: You are giving a security interest in your real estate. You are giving a security interest in your shares and/or deposits in the credit union; and | the goods/property being purchased; | Other (Describe) | Itemization of the Amount Financed: You have the right to receive at this time an itemization of the Amount Financed. |
|---|---|---|---|
| Late Charge: If your payment is more than 15 days late we may charge you 5% of the payment. Filing Fees | | $ 226.60 | You want an itemization. ☐  You do not want an itemization. ☐<br>x Itemization. |

SEE YOUR CONTRACT DOCUMENTS FOR ANY ADDITIONAL INFORMATION ABOUT NONPAYMENT, DEFAULT, AND ANY REQUIRED REPAYMENT IN FULL BEFORE THE SCHEDULED DATE.

THIS DOES **NOT** GUARANTEE YOU HAVE CREDIT INSURANCE.
CREDIT INSURANCE MUST BE ELECTED USING A SEPARATE FORM.
SEE SEPARATE APPLICATION FOR ELECTION OF CREDIT INSURANCE COVERAGE.

| INSURANCE COVERAGE(S) | YES | NO | PREMIUM |
|---|---|---|---|
| SINGLE CREDIT DISABILITY | | | $ 0 |
| SINGLE CREDIT LIFE | RDC | | $ 0 |
| JOINT CREDIT LIFE | KJC | | $ 0 |

© CUNA MUTUAL INSURANCE SOCIETY, 1991, ALL RIGHTS RESERVED    PRODUCTION WITHOUT WRITTEN PERMISSION OF CUNA MUTUAL INSURANCE SOCIETY IS FORBIDDEN BY LAW.

NOTE CONTINUED ON REVERSE SIDE

| PROPERTY ADDRESS | CITY | STATE | ZIP CODE | DATE |
|---|---|---|---|---|
| 4621 Treely Road | Chester | VA | 23831 | 11/8/02 |

1. BORROWER'S PROMISE TO PAY — In return for a loan that I have received, I promise to pay U.S. $94,260.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is Chesapeake & Ohio Federal Credit Union.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."
2. INTEREST — I will pay interest at a yearly rate of 7.950 %. Interest will be charged on that part of principal which has not been paid. Interest will be charged beginning on the date of this Note and continuing until the full amount of principal has been paid. In addition to the interest payable as stated above, points totaling U.S. $ 0 were, or are to be, paid by the undersigned in connection with this indebtedness.
3. PAYMENTS — I will pay principal and interest by making payments each month of U.S. $898.29. I will make my payments on the 15th day of each month beginning on Dec. 15, 2002. I will make those payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on Nov. 15, 2017, I still owe amounts under this Note, I will pay all those amounts, in full, on that date. I will make my monthly payments at 8721 Staples Mill Road, Richmond, Virginia 23228

or at a different place if required by the Note Holder.
4. BORROWER'S FAILURE TO PAY AS REQUIRED — (A) Late Charge for Overdue Payments: If your payment is more than 15 days late we may charge you 5% of the payment.

(B) Notice From Note Holder: If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.
(C) Default: If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

BORROWER
X Robert Dale Curtis
BORROWER ROBERT DALE CURTIS

BORROWER
X Kimberly J. Curtis
BORROWER KIMBERLY J. CURTIS
X

This is to certify that this is the Note described in and secured by a Deed of Trust dated November 8, 2002 on property located in Chesterfield County, Virginia.

My commission expires: March 31, 2005
Gail D. Sheridan
Notary Public

CREDIT UNION 1

EVA365   6946LL


EXHIBIT
B

**NOTE** CONTINUED FROM REVERSE SIDE

(D) Payment of Note Holder's Costs and Expenses: If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE SECURED BY A MORTGAGE OR DEED OF TRUST** — In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage or Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE** — I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7. BORROWER'S WAIVERS** — I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. GIVING OF NOTICES** — Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE** — If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

**10. HOMESTEAD EXEMPTION** — I waive my Homestead Exemption.

This instrument
PREPARED BY Berkeley & DeGaetani
Mailed To: Berkeley & DeGaetani
1301 N. Hamilton St. Suite 200
Richmond, VA 23230
PIN#78963414400000

WHEN RECORDED, MAIL TO

BOOK 4775 PAGE 398

02 NOV 15    08 58    075049

CIRCUIT COURT CLE
CHESTERFIELD CO.

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE ONLY

## DEED OF TRUST

NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

THIS DEED OF TRUST is made this __8th__ day of __November, 2002__
_____, among the Grantor, ROBERT DALE CURTIS and KIMBERLY J. CURTIS, husband and wife
_____ (herein "Borrower"), of EVELYNE A. MUELLER, 8721 Staples
Mill Road, Richmond, VA and 23220 and ARCHIE C. BERKELEY, JR.
                                                         23230
of 1301 N. Hamilton St. Suite 200, Richmond Virginia, (any one of whom may act and who are referred to
(herein as "Trustee"), whose address is _____
and the Beneficiary, C and O Federal Credit Union _____, a corporation organized and
existing under the laws of United States of America , whose address is 8721 Staples Mill
Road, Richmond, VA 23228 _____ (herein "Lender")

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably
grants and conveys to Trustee, in trust, with power of sale, the following described property located in the _____
County of Chesterfield , State of Virginia:

See Schedule "A" attached hereto and made a part hereof

which has the address of __4621 Treely Road__                    Chester
                                        [Street]                                           [City]
Virginia __23831__ (herein "Property Address");
              [Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights,
appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply
such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust;
and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold)
are hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated _____
November 8, 2002 _____ and extensions and renewals thereof (herein "Note"), in the principal sum of
U.S.$ 94,260.00 _____ , with interest thereon, providing for monthly installments of principal and
interest, with the balance of the indebtedness, if not sooner paid, due and payable on November 15, 2017 ___,
the repayment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this
Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant
and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower
covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands,
subject to encumbrances of record.                    PAGE 1

EVA266 6849

EXHIBIT
C

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", flood and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by Federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender or Trustee shall give to Borrower (and the owner of the Property, if a different person) notice of sale in the manner prescribed by applicable law. Trustee shall give public notice of sale by advertising, in accordance with applicable law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which the Property or some portion thereof is located, and by such additional or different form of advertisement as the Trustee may deem advisable, if any. Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter, but not later

than 30 days following the last advertisement. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by advertising in accordance with applicable law. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold with special warranty to title. The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, Trustee's fees of _____5 % of the gross sale price, reasonable attorneys' fees and costs of title evidence; (b) to the discharge of all taxes, levies and assessments on the Property, if any, as provided by applicable law; (c) to all sums secured by this Deed of Trust; and (d) the excess, if any, to the person or persons legally entitled thereto. Trustee shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property to the purchaser at such sale.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to release this Deed of Trust and shall surrender all notes evidencing indebtedness secured by this Deed of Trust. Trustee shall release this Deed of Trust to Trustee without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Substitute Trustee.** Lender may from time to time in Lender's discretion remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Identification of Note.** The Note is identified by a certificate on the Note executed by any Notary Public who certifies an acknowledgment hereto.

<center>REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE<br>UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST</center>

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ (Seal)
ROBERT DALE CURTIS —Borrower

_____ (Seal)
KIMBERLY J. CURTIS —Borrower

STATE OF VIRGINIA, City/County of RICHMOND _____ ss:

The foregoing instrument was acknowledged before me this November 8, 2002 _____
(date)

by Robert Dale Curtis and Kimberly J. Curtis, husband and wife .
(person acknowledging)

My Commission expires: March 31, 2005 _____
(Notary Public)

————— (Space Below This Line Reserved for Lender and Recorder) —————

BOOK 5811 PAGE 433

This instrument prepared by:
Berkeley & DeGaetani
Mailed To: Berkeley & DeGaetani
1301 N. Hamilton Street, Suite 200
Richmond, VA 23230
PIN#789683414400000

' 04 JUN 22   12 19

043497

## MODIFICATION AGREEMENT

CIRCUIT COURT CLERK
CHESTERFIELD CO., VA

THIS MODIFICATION AGREEMENT made this 7th day of June, 2004, by and

between ROBERT DALE CURTIS and KIMBERLY J. CURTIS (hereinafter referred to as

"the Borrowers"); EVELYNE A. MUELLER (hereinafter referred to as "the Trustee"); and C

and O FEDERAL CREDIT UNION (hereinafter referred to as "the Lender"):

## WITNESSETH:

WHEREAS, the Lender is the holder of a Note and Disclosure Statement ("the

Note") in the maximum principal amount of $94,260.00, made by the Borrowers, dated

November 8, 2002, and payable to the Lender; and

WHEREAS, the Note is secured by a Deed of Trust ("the Deed of Trust") from the

Borrowers to Evelyne A. Mueller and Archie C. Berkeley, Jr., the Trustees, either of whom

may act, dated November 8, 2002, recorded November 15, 2002, in the Clerk's Office of

the Circuit Court, County of Chesterfield, Virginia, in Deed Book 4775, page 398, on real

property ("the Property") known as 2.14 acres, 4621 Treely Road, Chester, Virginia 23831;

and

WHEREAS, the Lender and the Borrowers have mutually agreed to modify certain

terms of the Note and the Deed of Trust;

NOW, THEREFORE, in consideration of the premises and other good and valuable

consideration, and the mutual promises herein, the parties hereto agree as follows:


EXHIBIT
D

A.    MODIFICATION

1.    The Interest Rate.  The Interest Rate  is changed to 6.70%.

3.    Payments.  The Payments are changed as follows:

179 payments at $832.55.

1 payment at $832.21.

The first payment is due June 30, 2004, and monthly thereafter.

Total Interest is $55,598.66.

Total Payments are $149,858.66.

4.    Maturity Date.  The Maturity Date is changed to May 30, 2019.

B.    CONFIRMATION OF EXISTING TERMS

In all other respects the Note and the Deed of Trust shall remain unaffected,
unchanged and unimpaired by reason of the foregoing modifications.

WITNESS the following signatures and seals:

ROBERT DALE CURTIS

KIMBERLY J. CURTIS

C AND O FEDERAL CREDIT UNION

BY _____  _____ Officer
                                                        Title

EVELYNE A. MUELLER        TRUSTEE

STATE OF VIRGINIA

CITY/COUNTY OF _Kennreci_ , to-wit:

I, _Annie Mae Pollard_ , a Notary Public of and for the City/ County aforesaid and State of Virginia, do hereby certify that Robert Dale Curtis and Kimberly J. Curtis, whose names are signed to the foregoing Modification Agreement bearing date on the 7th day of June, 2004, has this day acknowledged the same before me in my City/County and State aforesaid.

Given under my hand and seal this _11th_ day of _June_ , 2004.

My commission expires: _12/31/04_ .

_Annie Mae Pollard_
NOTARY PUBLIC


STATE OF VIRGINIA

CITY/COUNTY OF _Kennecei_ , to-wit:

I, _Annie Mae Pollard_ , a Notary Public of and for the City/ County aforesaid and State of Virginia, do hereby certify that _Stacey McCoy_ , of C and O Federal Credit Union, whose name is signed to the foregoing Modification Agreement bearing date on the 7th day of June, 2004, has this day acknowledged the same before me in my City/County and State aforesaid.

Given under my hand and seal this _11th_ day of _June_ , 2004.

My commission expires: _12/31/04_ .

_Annie Mae Pollard_
NOTARY PUBLIC

BOOK 5 8 1 1 PAGE  4 3 6

STATE OF VIRGINIA

CITY/COUNTY OF _Henrico_ , to-wit:

I, _Annie Mae Pollard_ , a Notary Public of and for the City/ County aforesaid

and State of Virginia, do hereby certify that Evelyne A. Mueller, Trustee, whose name is

signed to the foregoing Modification Agreement bearing date on the 7th day of June, 2004,

has this day acknowledged the same before me in my City/County and State aforesaid.

Given under my hand and seal this _11th_ day of _June_ , 2004.

My commission expires: _12/31/04_ .

_Annie Mae Pollard_
NOTARY PUBLIC

INSTRUMENT #43497
RECORDED IN THE CLERK'S OFFICE OF
CHESTERFIELD ON
JUNE 22, 2004 AT 12:19PM
JUDY L. WORTHINGTON, CLERK

BY: _____ (DC)

Suite 117
Richmond, Va 23219

## Parcel No.789683414400000

## MODIFICATION AGREEMENT

**THIS MODIFICATION AGREEMENT** made this 1st day of April 2009, by and
between <u>Robert Dale Curtis and Kimberly J Curtis</u> (hereinafter referred to as "the
Borrower(s)"; and Beverly A DeMao and Barbara R Lockard, Trustees, formerly Evelyn
A. Mueller, Trustee, (hereinafter referred to as "the Trustee"); and Partners Financial
Federal Credit Union, formerly C & O Federal Credit Union (hereinafter referred to as
"the Lender"):

### WITNESSITH:

**WHEREAS,** the Lender is the holder of a Note and Disclosure Statement ("the
Note") in the maximum principal amount of $94,260.00 made by the Borrower(s),
dated November 8, 2002  and payable to the Lender; and

**WHEREAS,** the Credit Agreement is secured by a Credit Line Deed of Trust ("the Deed
of Trust") from the Borrower(s) to the Trustee, date November 8, 2002 , recorded
November 15, 2002, in the Clerk's Office of the Circuit Court of Chesterfield County,
Virginia, Instrument 035103, Deed Book 4775, page 398 on real property ("the
Property") known as: 4621 Treely Road, Chester, Virginia 23831, and

**WHEREAS,** the Lender and the Borrower(s) have mutually agreed to modify certain
terms of the Credit Agreement and the Deed of Trust;

**NOW, THEREFORE,** in consideration of the premises and other good and valuable
consideration, and the mutual promises herein, the parties hereto agree as follows:

A. <u>MODIFICATION</u>

1. Principal & Interest Payment. The principal and Interest payment is chang
$ 606.94.

2. <u>Next Due Date.</u> The Next Due date is changed to <u>04/30/2009.</u>

3. <u>Final Payment Date.</u> The Final Payment date is changed to <u>November 30, 2027.</u>



## A. **CONFIRMATION OF EXISTING TERMS**

In all other respects the Credit Agreement and the Deed of Trust shall remain unaffected, unchanged and unimpaired by reason of the foregoing modifications.

## B. **JOINDER OF TRUSTEE(S)**

At the request and direction of the Lender and the Borrower(s), the Trustees join herein for the sole purpose of evidencing their consent to the foregoing modifications as Trustees under the Deed of Trust.

WITNESS the following signatures and seals:



Robert Dale Curtis

Kimberly J Curtis

Barbara R Lockard, Trustee
PARTNERS FINANCIAL FEDERAL CREDIT UNION, FORMERLY C & O FEDERAL C U

STATE OF VIRGINIA
CITY/COUNTY OF _____Henrico_____ , to-wit:
I, _Alexis Boyd_ , a Notary Public of and for the City/County aforesaid and State of Virginia, do hereby certify that **Robert Dale Curtis and Kimberly J Curtis** whose names are assigned to the foregoing Modification Agreement bearing date on the 1st day of April , 2009, has this day acknowledged the same before me in my City/County and State aforesaid.
          Given under my hand and seal this          day of          , 2009
          My commission expires:

          _____
                    Notary Public

STATE OF VIRGINIA
CITY/COUNTY OF _Richmond_ , to-wit:
I, _Teresa D. Dixon_ , a Notary Public of and for the City/County aforesaid and State of Virginia, do hereby certify that **Barbara R Lockard** whose name is assigned to the foregoing Modification Agreement bearing date on the 1st day of April, 2009, has this day acknowledged the same before me in my City/County and State aforesaid.
          Given under my hand and seal this 16th day of April , 2009
          My commission expires: 3/31/2010.
          Comission Number-325862

          _____
                    Notary Public


Commonwealth of Virginia
Teresa D. Dixon - Notary Public
Commission No. 325862
My Commission Expires 3/31/2010



Print This Window | Close this Window

**Owners Name:**
CURTIS ROBERT DALE & KIMBERLY

**C/O Owners Name:**

**Mailing Address:**
4621 TREELY RD
CHESTER                        VA        23831

**Acreage:**
2.14

**Ownership Type:**
PRIVATE OWNERSHIP

**Property Class:**
SINGLE-FAM.RES.(SUBURBAN)

**Property Address:**

**Legal Description:**

4621 TREELY RD

PT CHARLES HOTZ PROP
**Magisterial District:** BERMUDA

### Current Sales Info.

| | |
|---|---|
| Sale Price: | $185,000 |
| Sale Date: | 8/31/1998 |
| Deed Book: 3364 | Deed Page: 324 |
| Plat Book: 0 | Plat Page: 0 |
| Will Book: 0 | Will Page: 0 |

### Current Assessment

| | |
|---|---|
| Assessment Year: | 2013 |
| Land Use Value: | $0 |
| Land Value: | $53,000 |
| Building(s) Value: | $247,300 |
| Total Assessment: | $300,300 |

Always contact the Chesterfield County Utilities Department (call 804-748-1271, email: utilities@chesterfield.gov, or writeChesterfield County Utilities Department; P.O. Box 608; Chesterfield, VA 23832) to verify county water and sewer availability or connections.

| | | | |
|---|---|---|---|
| **County Water:** | Connected | **County Sewer:** | Not Connected |
| **Well:** | Not Available | **Septic:** | Connected |
| **Gas:** | Not Available | **Electricity:** | Connected |
| **Paved Streets:** | Available | **Curbing:** | Not Available |
| **Storm Drains:** | Not Available | **Acres:** | 2.14 |
| **Easement %:** | | **Flood Plain %:** | |

Always contact the Chesterfield County Planning Department
(call 804-748-1050, email planning@chesterfield.gov, or write Planning Dept.; P.O. Box 40; Chesterfield, VA 23832) to verify zoning for any parcel of land.

**Zoning**

R7-ONE FAMILY RES.

Residential Building(s) 1 of 2

| Use: | SINGLE DWELLING | Rooms: | 6 |
|---|---|---|---|
| Style: | TRADITIONAL | Bedrooms: | 3 |
| Stories: | 1 STORY | Full Baths: | 2 |
| Construction: | WOOD FRAME | Half Baths: | 0 |
| Foundation: | BRICK/BLOCK | Floor: | WOOD & CARPET |
| Exterior: | BRICK | Interior: | DRY WALL |
| Roof: | COMPOSITION SHINGLE | Basement: | FULL BASEMENT |
| Dormers: | NONE | Basement Fin: | UF |
| Chimney 1: | 1 BR CHIM 1 FIREPLACE | Lower Level: | NO |
| Chimney 2: | NONE | Heating: | OIL HOT AIR |
| Chimney 3: | NONE | Air Conditioning: | 1 |
| Finished Area: | 1945 | Year Built: | 1969 |

**EXHIBIT**

**2**

| UnFinished Area: | 0 | | Year Add: | 0000 |
|---|---|---|---|---|
| Bsmt. Fin. Area: | 0 | | Year Remodel: | 0000 |
| Bsmt. UnFin. Area: | 1945 | | % Complete: | 100 |

| Segment | Story | Ext Finish | Dimensions | Area |
|---|---|---|---|---|
| A | 1 STORY | BRICK | E30NB21EC39E35S29W5ND31W | 1945 |
| B | 1 ST GARAGE | BRICK | 23S23W23N23E | 529 |
| C | SCREEN PORCH | NOT APPLICABLE | 12N17E12S17W | 204 |
| D | OPEN PORCH | NOT APPLICABLE | 5S6W5N6E | 30 |
| E | BASEMENT | NOT APPLICABLE | 30N21E39E35S29W5N31W | 1945 |

Residential Building(s) 2 of 2 **Use:** SINGLE DWELLING **Rooms:** 4 **Style:** TRADITIONAL **Bedrooms:** 2 **Stories:** 1 STORY **Full Baths:** 1 **Construction:** WOOD FRAME **Half Baths:** 0 **Foundation:** CONCRETE SLAB **Floor:** LINOLEUM **Exterior:** VINYL SIDING **Interior:** DRY WALL **Roof:** COMPOSITION SHINGLE **Basement:** NO BASEMENT **Dormers:** NONE **Basement Fin:** NO **Chimney 1:** NONE **Lower Level:** NO **Chimney 2:** NONE **Heating:** ELECT. & HEAT PUMP **Chimney 3:** NONE **Air Conditioning:** 1 **Finished Area:** 1500 **Year Built:** 2010 **UnFinished Area:** 0 **Year Add:** 0000 **Bsmt. Fin. Area:** 0 **Year Remodel:** 0000 **Bsmt. UnFin. Area:** 0 **% Complete:** 100

| Segment | Story | Ext Finish | Dimensions | Area |
|---|---|---|---|---|
| A | 1 STORY | VINYL SIDING | 50N30EBC50SD30W | 1500 |
| B | WOOD DECK | NOT APPLICABLE | 6N14E6S24E11N25E18S49W7N14W | 702 |
| C | SCREEN PORCH | NOT APPLICABLE | 14E25S14W25N | 350 |
| D | WOOD DECK | NOT APPLICABLE | 25N14E8S28E17S42W | 826 |

NO Commercial Building(s)

## Miscellaneous Improvements

| Type | Construction | Exterior Finish | Width | Depth | Total Area |
|---|---|---|---|---|---|
| ABOVE GROUND POOL | NOT APPLICABLE | NOT APPLICABLE | 0 | 0 | 0 |